**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JAMES G. WHITTAKER and GLENDA L. WHITTAKER, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) ) |
| TAKHAR COLLECTION SERVICES LTD., | ) ) |
| Defendant. | ) |

```
FILED: MAY 15, 2009
09CV2958
JUDGE ASPEN
MAGISTRATE JUDGE SCHENKIER
CH
```

## COMPLAINT

## INTRODUCTION

1.      Plaintiffs James G. Whittaker and Glenda L. Whittaker bring this action to secure redress from unlawful credit and collection practices engaged in by defendant Takhar Collection Services Ltd.   Plaintiffs allege  violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and the Illinois Collection Agency Act, 225 ILCS 425/1 et seq. ("ICAA").

2.       The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information.  15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3.      The ICAA reflects a determination that "The practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall be liberally construed to carry out these objects and purposes. . . . It is further declared to be the public policy of this State to protect consumers against debt collection abuse." 225 ILCS 425/1a.

1

## VENUE AND JURISDICTION

4.      This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA) and 28 U.S.C. §§1331, 1337 and 1367.

5.      Venue and personal jurisdiction in this District are proper because:

a.      Defendant's collection communications were received by plaintiffs within this District;

b.      Defendant does or transacts business within this District.

## PARTIES

6.      Plaintiffs James G. Whittaker and Glenda L. Whittaker are husband and wife and reside in the Northern District of Illinois.

7.       Defendant Takhar Collection Services Ltd. is a corporation chartered under Ontario law that does business in Illinois. Its registered agent and office are CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

8.      Defendant Takhar Collection Services Ltd. is engaged in the business of a collection agency.

9.      Takhar Collection Services Ltd. is engaged in the business of using the mails and telephone to collect consumer debts originally owed to others.

10.      Takhar Collection Services Ltd. is a debt collector as defined in the FDCPA.

11.      Takhar Collection Services Ltd. is a licensee under the ICAA.

## FACTS

12.      On or about Nov. 12, 2008, plaintiffs, through counsel, filed a petition under Chapter 13 of the Bankruptcy Code.

13.      Takhar Collection Services Ltd. is seeking to collect from plaintiffs a debt incurred for personal, family or household purposes.

14.      Beginning in early April 2009, plaintiffs received multiple telephone calls

2

from Takhar Collection Services Ltd. The calls stated that they were for Glenda Whittaker about an "important financial matter." Plaintiff James G. Whittaker received some at his place of work.

15.     Plaintiff James G. Whittaker received several of the calls and informed the caller that he and his wife had filed bankruptcy, that they should not be receiving collection calls on the debts that were included in the bankruptcy, that the calls were disrupting his work, and that they should stop calling.

16.     Defendant continued the phone calls regardless.

## COUNT I – FDCPA

17.     Plaintiffs incorporate paragraphs 1-16.

18.     Defendant violated 15 U.S.C. §1692c.

19.     Section 1692c provides:

**§ 1692c.     Communication in connection with debt collection [Section 805 of P.L.]**

**(a) Communication with the consumer generally--Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt–**

**(1)     at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antimeridian and before 9 o'clock postmeridian, local time at the consumer's location;**

**(2)     if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer; or**

**(3)     at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication. . . .**

WHEREFORE, the Court should enter judgment in favor of plaintiffs and against defendant for:

(1)    Statutory damages;

(2)    Actual damages;

(3)    Attorney's fees, litigation expenses and costs of suit;

(4)    Such other and further relief as the Court deems proper.

### COUNT II – ILLINOIS COLLECTION AGENCY ACT

20.    Plaintiffs incorporate paragraphs 1-16.

21.    Defendant is a "collection agency" as defined in the ICAA.

22.    Defendant violated the following provisions of 225 ILCS 425/9.2:

**225 ILCS 425/9.2. (Effective January 1, 2008) Communication in connection with debt collection**

**Sec. 9.2. (a) Without the prior consent of the debtor given directly to the debt collector or collection agency or the express permission of a court of competent jurisdiction, a debt collector or collection agency may not communicate with a debtor in connection with the collection of any debt in any of the following circumstances:**

**(1) At any unusual time, place, or manner that is known or should be known to be inconvenient to the debtor. In the absence of knowledge of circumstances to the contrary, a debt collector or collection agency shall assume that the convenient time for communicating with a debtor is after 8 o'clock a.m. and before 9 o'clock p.m. local time at the debtor's location.**

**(2) If the debt collector or collection agency knows the debtor is represented by an attorney with respect to such debt and has knowledge of or can readily ascertain, the attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or collection agency or unless the attorney consents to direct communication with the debtor.**

**(3) At the debtor's place of employment, if the debt collector or collection agency knows or has reason to know that the debtor's employer prohibits the debtor from receiving such communication. . . .**

23.    A private right of action exists for violation of the ICAA.  Sherman v. Field Clinic, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

24.    Plaintiff was damaged as a result.

WHEREFORE, plaintiffs request that the Court grant the following relief in favor

4

of plaintiffs  and against defendant:

(1)     Compensatory and punitive damages;

(2)     Costs.

(3)     Such other and further relief as is appropriate.


s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER
        & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## **VERIFICATION**

     James G. Whittaker declares under penalty of perjury, as provided by 28 U.S.C. 1746, that the facts stated above are true and accurate.

James G. Whittaker

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any  recovery herein for 1/3 or such amount as a court awards.   All rights relating to attorney's fees have been assigned to counsel.


s/ Daniel A. Edelman
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\22838\Pleading\Complaint_Pleading.wpd

7